## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | No. 1:15-bk-01145 (ABG) |
| CAESARS ENTERTAINMENT OPERATING COMPANY, INC., *et al.*, | |
| Debtors. | |
| WHITEBOX ADVISORS, LLC, | No. 1:18-cv-01468 (RWG) |
| Appellant, | |
| - against - | |
| EARL OF SANDWICH (ATLANTIC CITY), LLC, | |
| Appellee. | |

## RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO APPEAL

Dated: March 16, 2018

Jeffrey Chubak (admitted *pro hac vice*)
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
Tel: (212) 490-4100
Fax: (212) 490-4208
jchubak@storchamini.com

- and -

Joseph D. Frank (IL No. 6216085)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel: (312) 276-1400
Fax: (312) 276-0035
jfrank@fgllp.com

*Counsel to Earl of Sandwich (Atlantic City), LLC*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................... ii

INTRODUCTION ................................................................................1

RESPONSE TO WHITEBOX'S FACT SECTION .................................................1

ARGUMENT ....................................................................................3

I.   WHITEBOX HAS NOT MET ITS BURDEN UNDER 28 U.S.C. § 1292(b)................................................................................3

II.  THE COLLATERAL ORDER DOCTRINE IS INAPPLICABLE ...............6

CONCLUSION ..................................................................................8

CERTIFICATE OF SERVICE .....................................................................

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Anthracite Capital, Inc.*,
  492 B.R. 162 (S.D.N.Y. 2013) ........................................................................... 4

*In re Chandler*,
  66 B.R. 334 (N.D. Ga. 1986) ............................................................................. 7

*Cohen v. Beneficial Indus. Loan Corp.*,
  337 U.S. 541 (1949)........................................................................................... 6

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463 (1978)........................................................................................... 3

*Dahlstrom v. Sun-Times Media, LLC*,
  39 F. Supp. 3d 998 (N.D. Ill. 2014) .................................................................. 3

*In re Dental Profile, Inc.*,
  No. 09-cv-6160, 2010 WL 431590 (N.D. Ill. Feb. 1, 2010)............................... 5

*In re Handy Andy Home Improvement Centers, Inc.*,
  199 B.R. 376 (Bankr. N.D. Ill. 1996) ................................................................ 5

*Herx v. Diocese of Fort Wayne-South Bend Inc.*,
  772 F.3d 1085 (7th Cir. 2014) ........................................................................... 6

*Kirkland v. St. Vrain Valley Sch. Dist. No. RE-1J*,
  464 F.3d 1182 (10th Cir. 2006) ......................................................................... 7

*In re La. Route Operators Inc.*,
  No. 94-cv-2642, 1994 WL 449373 (E.D. La. Aug. 17, 1994) ........................... 7

*Nystrom v. TREX Co.*,
  339 F.3d 1347 (Fed. Cir. 2003) ......................................................................... 3

*Reise v. Bd. of Regents of Univ. of Wis. Sys.*,
  957 F.2d 293 (7th Cir. 1992) ............................................................................. 5

*Siberline Mfg. Co. v. Int'l Nickel Co.*,
  569 F.2d 1217 (3d Cir. 1977) ...................................................................... 6, 7

*Trustee of Jartran, Inc. v. Winston & Strawn*,
  208 B.R. 898 (N.D. Ill. 1997) ...................................................................... 3, 4

**Statutes**

11 U.S.C. § 107 ................................................................................................ 1, 4, 5

28 U.S.C. § 158 ................................................................................................ 1, 6

28 U.S.C. § 1291 .............................................................................................. 6

28 U.S.C. § 1292 .............................................................................................. 1, 3

**Rules**

Fed. R. Bankr. P. 3001 ..................................................................................... 5

Fed. R. Bankr. P. 8004 ..................................................................................... 1

Fed. R. Bankr. P. 7026 ..................................................................................... 2

Fed. R. Bankr. P. 7037 ..................................................................................... 2

Fed. R. Bankr. P. 9014 ..................................................................................... 2

Fed. R. Bankr. P. 9018 ..................................................................................... 4

Fed. R. Civ. P. 26 ............................................................................................ 2, 4

Fed. R. Civ. P. 37 ............................................................................................ 2

**Other Authorities**

Collier on Bankruptcy ¶107.01 (16th ed.) ................................................... 5

Earl of Sandwich (Atlantic City), LLC ("Earl"), submits this response in opposition to the motion of Whitebox Advisors, LLC ("Whitebox") for leave to appeal the Order [ECF No. 1-5] ("Order") denying its motion for a protective order.

## INTRODUCTION

Whitebox seeks review of just one issue, "whether the Bankruptcy Court erred in holding [11 U.S.C. § 107(b)] categorically inapplicable to discovery disclosures." (Motion p.3.) Whitebox asks this Court, if it prevails on that issue, to "reverse the [Order]," and "adopt Whitebox's proposed protective order," or "remand [to] the Bankruptcy Court to determine whether Whitebox has satisfied the conditions of that provision." (*Id.* pp.3-4.) By its motion, Whitebox seeks leave to appeal, under 28 U.S.C. § 158(a)(3). Whitebox argues leave should be granted, notwithstanding that the Order is interlocutory, because the requirements of 28 U.S.C. § 1292(b) are satisfied and under the collateral order doctrine. (Motion pp.9-10.) Whitebox is wrong on both fronts as set forth below.

## RESPONSE TO WHITEBOX'S FACT SECTION

A detailed recitation of facts under Rule 8004(b)(1)(A) is unnecessary given those set forth in the Order. Nevertheless, to clarify the record Earl states as follows:

Earl disputes Whitebox's assertion that "Earl sold the claim to Cowen" "the week before a chapter 11 plan was confirmed." (Motion p.1.) Whether Earl did or did not sell the claim is the ultimate question being litigated before the Bankruptcy Court.

1

Whitebox initiated the subject contested matter, and, during the course of discovery Whitebox conditioned the production of documents it considered confidential on Earl's stipulating to a protective order, and agreeing not to disclose documents Whitebox designated Confidential pending entry of the same. Earl agreed to those conditions (not agreeing would have exposed it to sanction risk under Rules 37(a)(5) and 26(c)(3), made applicable by Rules 7037, 7026, and 9014(c)). Whitebox thereafter produced documents designated Confidential to Earl, which in turn advised Whitebox it disagreed with Whitebox's designation with respect to all documents so designated. The parties thereafter conferred concerning the designations. Whitebox agreed to declassify some documents, but left the vast majority marked Confidential. Earl advised Whitebox that if the protective order were entered it would move to declassify the disputed documents.

Whitebox thereafter submitted the protective order to the Bankruptcy Court for entry. At the following hearing, Earl advised the Bankruptcy Court that Whitebox (not Earl) submitted the protective order for entry. (Jan. 3, 2018 Hr'g Tr. 12:15-20, annexed hereto as Exhibit 1.) The Bankruptcy Court thereafter advised the parties that it would not be entering the protective order because "It is hard for me, frankly, to imagine that there would be good cause here. I just can't see how anything involved in this dispute would in any way be confidential. But you can explain why. Okay? So I'd like this done by motion, please." (*Id*. 14:15-25.)

2

Following that hearing, Whitebox asked Earl to file the motion, even though Earl had advised Whitebox that it agreed with the Bankruptcy Court that such order was inappropriate. When Earl refused, Whitebox moved for a protective order. Earl opposed the motion. At the hearing on the motion, the Bankruptcy Court invited Whitebox to file a reply, and Whitebox accepted the invitation. (Jan. 17, 2018 Hr'g Tr. 13:9-14:20, annexed hereto as Exhibit 2.) The Bankruptcy Court entered the Order after considering Whitebox's reply. Whitebox now seeks leave to appeal.

## ARGUMENT

## I. WHITEBOX HAS NOT MET ITS BURDEN UNDER 28 U.S.C. § 1292(b)

Pursuant to 28 U.S.C. § 1292(b), interlocutory review of a Bankruptcy Court ruling is proper where the appeal "(1) involves a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Trustee of Jartran, Inc. v. Winston & Strawn*, 208 B.R. 898, 900 (N.D. Ill. 1997).

"Such appeals are 'rarely granted,' *Nystrom v. TREX Co.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003), and the movant bears the burden of showing that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after entry of a final judgment,' *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 … (1978)." *Dahlstrom v. Sun-Times Media, LLC*, 39 F. Supp. 3d 998, 1001 (N.D. Ill. 2014).

3

None of the relevant factors have been satisfied.

There is No Controlling Question of Law. Whitebox challenges the Bankruptcy Court's conclusion that "section 107(b) concerns papers filed in bankruptcy cases, not discovery material." (Order p.3; Motion p.3, Question Presented.) That legal issue, however, is not a controlling one because its resolution is not "quite likely to affect the outcome or the further course of litigation." *Jartran*, 208 B.R. at 900-01. The Order was premised upon Whitebox's not having demonstrated good cause under Rule 26(c), a finding of fact subject only to clear error review which Whitebox does not challenge. (*Id*. pp.3-7.) Significantly, the Bankruptcy Court found good cause lacking because Whitebox's moving papers were devoid of any explanation as to how disclosure of the documents it seeks to protect would give its competitors an unfair advantage (*id*.), which is the relevant inquiry under both section 107(b)(1) and Rule 26(c)(1)(G) (and Rule 9018), all of which protect "confidential … commercial information" where the movant has satisfied its burden of showing relevant documents qualify as such.[1] In short, the result did not depend upon whether section 107(b) applies to discovery papers, but rather the Order was premised upon application of Rule 26, and Whitebox does not challenge that Rule's application.

---

[1] Whitebox's statement that "[t]he rules governing protective orders" are more generous "in bankruptcy than in ordinary civil litigation" (Motion p.4) is false. *See generally In re Anthracite Capital, Inc.*, 492 B.R. 162 (S.D.N.Y. 2013).

There is No Ground for Difference of Opinion. The Bankruptcy Court cited *In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 380 (Bankr. N.D. Ill. 1996) and 2 Collier on Bankruptcy ¶107.01 (16th ed.) for its conclusion that section 107(b) does not apply to discovery materials. (Order p.3.) Whitebox offers no contrary authority, and instead simply states that *Handy Andy*, which has been cited approvingly for over two decades, is wrong, and the Bankruptcy Court's conclusion is one "about which reasonable minds could differ." (Motion pp.7, 10.) *See also In re Dental Profile, Inc.*, No. 09-cv-6160, 2010 WL 431590, at *4 (N.D. Ill. Feb. 1, 2010) (quoting *Reise v. Bd. of Regents of Univ. of Wis. Sys.*, 957 F.2d 293, 294-95 (7th Cir. 1992)) ("Because 'almost all interlocutory appeals from discovery orders … end in affirmance …' there is not a substantial likelihood of this order being overturned and not a substantial ground for difference of opinion").

Immediate Appeal Would Not Advance the Litigation. Immediate appeal would slow the underlying litigation. Earl disputes Whitebox's confidentiality designation as to all documents so designated, as noted above. Entry of a protective order would result in further motion practice concerning whether the subject documents qualify as confidential commercial information, so that they can be used in summary judgment papers.

5

## II.     THE COLLATERAL ORDER DOCTRINE IS INAPPLICABLE

Whitebox argues leave to appeal should be granted under the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) because its motion for a protective order is separable from and collateral to the underlying inquiry under Rule 3001(e)(2).  That argument fails.

To qualify for collateral order review, an order must be "(1) a conclusive decision; (2) on an important issue that is conceptually separate from the merits; and (3) that is effectively unreviewable on an appeal from a final judgment."  *Herx v. Diocese of Fort Wayne-South Bend Inc.*, 772 F.3d 1085, 1088 (7th Cir. 2014) (identifying *Cohen* requirements).

The Seventh Circuit has made clear the doctrine should be narrowly applied so as to prevent the exception from swallowing the general rule under 28 U.S.C. § 1291 (which statute 28 U.S.C. § 158(a)(1) is the bankruptcy analogue to).  *Id.* at 1089.  It further recognized the doctrine typically only applies to certain recognized categories of collaterally appealable orders, none of which cover the Order.  *Herx*, 772 F.3d at 1089.

Other courts have likewise held that the collateral order doctrine does not apply to denial of a protective order.  *Siberline Mfg. Co. v. Int'l Nickel Co.*, 569 F.2d 1217, 1218 (3d Cir. 1977) ("We hold that the order challenged by the appeal [denying a protective order] is not appealable under the Cohen doctrine and dismiss

the appeal"); *Kirkland v. St. Vrain Valley Sch. Dist. No. RE-1J*, 464 F.3d 1182, 1198 (10th Cir. 2006) ("This circuit has repeatedly held that discovery orders are not appealable under the *Cohen* doctrine"); *In re Chandler*, 66 B.R. 334, 337 (N.D. Ga. 1986) ("Because the bankruptcy court's denial of the debtor's motion for a protective order is not a collateral order under the *Cohen* doctrine … the debtor's motion for leave to appeal … is denied"); *In re La. Route Operators Inc.*, No. 94-cv-2642, 1994 WL 449373, at *2 (E.D. La. Aug. 17, 1994) ("the Court finds no basis for granting appeal of the interlocutory order of the Bankruptcy Court denying the protective order").

## CONCLUSION

The motion should be denied, and the appeal should be dismissed.

Dated: March 16, 2018

Respectfully submitted,

/s/ Jeffrey Chubak
Jeffrey Chubak (admitted *pro hac vice*)
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
Tel: (212) 490-4100
Fax: (212) 490-4208
jchubak@storchamini.com

- and -

Joseph D. Frank (IL No. 6216085)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel: (312) 276-1400
Fax: (312) 276-0035
jfrank@fgllp.com

*Counsel to Earl of Sandwich (Atlantic City), LLC*