UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*In re*:

CAESARS ENTERTAINMENT OPERATING COMPANY, INC., *et. al.*
Debtors.

Bankr. Ct. Case No. 15-01145 (ABG)
D. Ct. Case No. 18-cv-01468 (RWG)

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 158(a)(3)

### I. Introduction

As Appellant Whitebox Advisors, LLC ("Whitebox") explained in its motion for leave to file an interlocutory appeal, 11 U.S.C. § 107(b)(1) requires a court, upon motion of a party, to issue an order protecting any document involved in a bankruptcy case that contains confidential information. The bankruptcy court here, however, erred as a matter of law in reading § 107(b)(1) to apply only to documents filed with the court, not to discovery documents. *See* Whitebox Motion for Leave to File Interlocutory Appeal, Dkt. 2 (Feb. 27, 2018) ("Mot.") at 4-7. To remedy that legal error and avoid the significant harms that could arise from the disclosure of the confidential business records at issue, *id*. at 7-8, Whitebox asked for this Court's permission to appeal. The Court should grant that leave to appeal because, as noted in the motion, *id.* at 4-7, the Bankruptcy Court has incorrectly resolved an important legal question—when section 107(b)(1) of the Bankruptcy Code mandates a protective order—and failure to rectify this error on interlocutory review will compromise crucial rights of Whitebox.

In response, Appellee Earl of Sandwich (Atlantic City), LLC ("Earl") does not contest that the text, structure, and logic of § 107(b)(1) all make clear that the statute allows protective orders for documents produced in discovery, and not solely documents filed in court, as the

1

bankruptcy court here believed. Nor does Earl dispute that the adverse consequences for Whitebox could be significant.

Instead, Earl argues that this appeal does not fall within the scope of the collateral order doctrine or of 28 U.S.C. § 1292(b). Earl Response in Opposition to Motion for Leave to Appeal, Dkt. 13 (Mar. 16, 2018) ("Opp.") at 3-7. But this Court may grant an appeal from a bankruptcy court whether or not the collateral order doctrine or § 1292(b) applies. In any event, as detailed in Whitebox's motion, Mot. at 8-11, both argue in favor of appeal here.

## II. This Court Should Exercise Its Broad Discretion and Grant Leave to Appeal.

This Court has broad discretion whether to allow interlocutory appeals in bankruptcy cases. The statute providing for interlocutory review of bankruptcy court decisions does not in any way limit this Court's discretion to grant leave to appeal. *See* 28 U.S.C. § 158(a)(3). Given the legal error here, the need for clarification of Whitebox's important right to a protective order, and the irremediable harms that will occur absent an immediate appeal, discretion is properly exercised here to allow an appeal. *See* Mot. at 8-9.

Earl argues that an appeal would not be appropriate under the standards set out in the collateral order doctrine or 28 U.S.C. § 1292(b). Mot. at 8-9. This Court need not look to those standards because 28 U.S.C. § 158(a)(3) does not limit interlocutory appeals from bankruptcy court decisions. And even if this Court chooses to look to the collateral order doctrine or § 1292(b) to guide the exercise of its discretion, those standards only further confirm that this appeal should be allowed (as detailed in Whitebox's motion, Mot. at 8-11).

### A.  The Collateral Order Doctrine Allows This Appeal.

The collateral order doctrine speaks to rulings that "are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *See Herx v. Diocese of Fort Wayne-South Bend, Inc.*, 772 F.3d 1085, 1088 (7th Cir. 2014) (citation omitted).  That describes the ruling here.  The issue of whether § 107(b)(1) applies to discovery materials is wholly separate from the merits of adversary action.  And, absent review now, the issue will be unreviewable, because the competitive harms Whitebox will suffer cannot be remedied by a later appeal—precisely the situation that the collateral order doctrine is designed to guard against.

In trying to argue that the collateral order doctrine would not allow an appeal, Earl notes that most discovery orders are not considered appropriate subjects of interlocutory review.  Opp. at 6-7.  This is true, of course, but Whitebox's is not a discovery appeal.  Whitebox is not seeking review of the scope, nature, or extent of discovery.  Earl has obtained the documents it seeks and may use them in litigation.  Rather, this appeal solely regards a statutory entitlement to a protective order, preventing Earl from disclosing the confidential materials to the public, and particularly to the competitors of Whitebox.  The discovery cases cited by Earl are thus irrelevant; for example, *Kirkland v. St. Vrain Valley Sch. Dist. No. RE-1J*, 464 F.3d 1182, 1198 (10th Cir. 2006), involved no protective order (let alone the question of a legal entitlement to a protective order) and no claim of confidential information.

The cases cited by Earl involving a protective order are also easily distinguishable.  For example, in *Silberline Mfg. Co. v. Int'l Nickel Co.*, 569 F.2d 1217 (3d Cir. 1977), there was no claim that the protective order sought, which would have foreclosed certain attorneys from participating in a trial, was mandatory.  The *Silberline* court also noted that the order below had

not conclusively settled the protective order issue—there were still unanswered questions about the scope of the attorneys' participation—and that any harm could be remedied on appeal. *Id.* at 1220. By contrast, here Whitebox's claim is that the protective order is mandatory, and the bankruptcy court has conclusively held that § 107(b)(1) cannot be applied to discovery materials. The ruling is final as to that legal entitlement. And in the absence of the protective order required under § 107(b)(1), there is nothing barring Earl from disclosing the confidential materials to Whitebox's competitors. No amount of later appellate review can make Whitebox's competitors unlearn that information once it is disclosed.

### B. This Appeal Satisfies the Criteria of § 1292(b).

Earl also argues that this Court's discretion must be guided by the standards set out in 28 U.S.C. § 1292(b) and asserts that those standards do not permit appeal here. Opp. at 4-5. That argument is wrong on both counts. As explained above, this Court need not abide by the standard articulated in 28 U.S.C. § 1292(b). And as detailed in Whitebox's motion for leave to appeal, Mot. at 10-11, each of the § 1292(b) criteria is met here: The legal question of whether § 107(b)(1) applies to discovery materials is a "controlling question of law as to which there is a substantial ground for difference of opinion," the resolution of which "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Mot. at 10.

<u>Controlling Question of Law.</u>  The question on which Whitebox seeks interlocutory review is a "controlling question of law." The bankruptcy court rejected Whitebox's request for a protective order because it held that 11 U.S.C. § 107(b)(1) was only applicable to documents filed in court, rather than to discovery documents. The statutory interpretation question whether §107(b)(1) covers documents produced in discovery is thus dispositive of the outcome in this

4

dispute because, as discussed above, the issuance of a protective order, upon motion of a party, is mandatory under § 107(b)(1).

Earl argues that there is no controlling question of law, because "the Order was premised upon Whitebox's not having demonstrated good cause under Rule 26(c). . . ." Opp. at 3-4. However, the bankruptcy court's Rule 26 finding is irrelevant to the question of whether Whitebox should receive leave to appeal. If Whitebox is correct that 11 U.S.C. § 107(b)(1) applies, a protective order must issue—good cause finding or no. Earl's "good cause" argument thus does nothing to affect the propriety of an interlocutory appeal here.

Section 107(b)(1) of the Bankruptcy Code requires—using the term "shall"—a bankruptcy court to protect "confidential . . . commercial information." It mandates a protective order here. The only reason the bankruptcy court did not issue a protective order under § 107(b)(1) is that it read that statutory provision to apply only to materials filed in court and not to discovery materials—a legal conclusion that is flawed for the reasons articulated in Whitebox's motion. *See* Mot. at 3-4.

Earl argues that Whitebox's failure to demonstrate "good cause" under Rule 26 means that Whitebox will be unable to show that it is entitled to a protective order under 11 U.S.C. § 107(b)(1). Opp. at 4. But § 107(b)(1) does not require any showing of good cause. Instead, § 107(b)(1) protects confidential information, read broadly to include any information that would provide a competitor "information as to the commercial operations" of an objecting party or insight into the competitor's strategic decision making. *In re Orion Pictures Corp.*, 21 F.3d 24, 27-28 (2d Cir. 1994).

And unlike a protective order under Rule 26, which requires judges to "carefully and skeptically review sealing requests to insure there really is an extraordinary circumstance or

5

compelling need," *id.* at 27, the issuance of a protective order under § 107(b)(1) is mandatory upon a showing of the presence of confidential information, without any requirement of showing extraordinary circumstances. *See* 11 U.S.C. § 107(b)(1) ("On request of a party in interest, the bankruptcy court *shall* . . . protect an entity with respect to . . . confidential research, development, or commercial information.") (emphasis added). Therefore, the bankruptcy court's finding that there was no "good cause" is wholly irrelevant to whether a protective order must be issued as a matter of law under 11 U.S.C. § 107(b)(1).

<u>Grounds for Difference of Opinion.</u>  Moreover, there are "ground[s] for difference of opinion"; Earl does not even attempt to respond to Whitebox's argument that neither the text of 11 U.S.C. § 107(b)(1) (which, unlike its neighboring statutory provision, is not limited to "a paper filed in a case," *see* § 107(b)(2)), nor the logic behind this statutory provision support the bankruptcy court's holding.  *See* Mot. at 4-8.

<u>Advance the Litigation.</u>  Finally, resolution of the question will "materially advance" this litigation:  Absent a protective order under the Bankruptcy Code, Whitebox will be forced to divert litigation resources and court time to protecting its proprietary information, including, for instance, by seeking a temporary restraining order preventing Earl from releasing that information.  Earl argues that entry of a protective order would entail further litigation, Opp. at 5, but that is not so.  The documents Whitebox has identified fall clearly within the scope of § 107(b)(1), and § 107(b)(1) is mandatory, leaving no room for further litigation.  Indeed, it is the absence of a protective order that will engender further litigation, since Whitebox will have to take action to protect its proprietary information.

\*     \*     \*

In short, this Court should exercise its broad discretion to grant Whitebox leave to file an interlocutory appeal because this appeal involves a pure question of law (whether § 107(b)(1) applies to discovery materials), with broad implications beyond this case, and because such review is needed to prevent the significant and irreparable harm that may occur in the absence of a protective order.

Respectfully submitted,

*/s/ Elizabeth B. Vandesteeg*

Dated: April 5, 2018

Elizabeth B. Vandesteeg (IL No. 6291426)
Jack O'Connor (IL No. 6302674)
SUGAR FELSENTHAL GRAIS & HELSINGER LLP
30 N. LaSalle Street, Suite 3000
Chicago, Il. 60602
Telephone: (312) 704-9400
Facsimile: (312) 372-7951

Douglas S. Mintz (admitted *pro hac vice*)
Robert Loeb (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for Appellant/Creditor-Movant Whitebox Advisors LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a true and correct copy of Appellant/Creditor-Movant's Reply In Support of Motion for Leave to file Interlocutory Appeal Under 28 U.S.C. § 158(a)(3) using the Court's electronic case filing system, which will send electronic notification of such filings to all parties that have appeared in this action.

        */s/ Elizabeth B. Vandesteeg*
        Elizabeth B. Vandesteeg
        SUGAR FELSENTHAL GRAIS & HELSINGER LLP

        *Counsel for Appellant/Creditor-Movant*