IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: CAESARS ENTERTAINMENT OPERATING COMPANY, INC., et al., ) ) Debtors, ) ) ) _____ ) ) WHITEBOX ADVISORS, LLC, ) ) Appellant, ) v. ) ) EARL OF SANDWICH (ATLANTIC CITY), ) LLC, ) ) Appellee. ) | Case No. 15 BK 1145 Judge A. Benjamin Goldgar Case No. 18 C 1468 Judge Robert W. Gettleman |

## ORDER

Appellant Whitebox Advisors ("Whitebox") has filed a motion for leave to file an interlocutory appeal under 28 U.S.C. § 158(a)(3), arguing that the bankruptcy court committed clear legal error in denying its motion for a protective order, and asking the court to reverse the bankruptcy court's decision. For the reasons described below, appellant's motion is denied.

## BACKGROUND

After Caesars Entertainment Operating Company, Inc., declared bankruptcy in 2015, Earl of Sandwich (Atlantic City), LLC ("Earl") filed a proof of claim against a debtor subsidiary in Caesars' Chapter 11 cases. Whitebox claims that Earl subsequently sold the claim, and Whitebox acquired it. Whitebox notified the bankruptcy court of the claim transfer, and Earl objected, which created a contested matter. While conducting discovery into the contested matter, Whitebox asserted that various documents it produced required a protective order, to which Earl initially agreed, and the parties submitted a stipulated proposed protective order to the bankruptcy

court. The bankruptcy court rejected the proposed protective order and ordered Earl to submit a motion explaining why the protective order was necessary.[1] When Earl declined to do so, Whitebox filed a motion seeking approval of a protective order, invoking 11 U.S.C. § 107(b)(1), Federal Rule of Bankruptcy Procedure 9018(1), and Federal Rule of Civil Procedure 26(c)(1)(G). The bankruptcy court denied that motion, and Whitebox then sought an appeal to this court.

## DISCUSSION

According to Whitebox, the bankruptcy court denied its motion seeking approval of a protective order because it held that Section 107(b)(1), which mandates a protective order for commercial information when a party requests it, and does not require a showing of good cause, applies only to court filings, not discovery materials. Whitebox argues that this was legal error. Whitebox is incorrect. What little case law on the issue that exists in this district directly contradicts Whitebox's position:

> Section 107 only applies to filed documents. In this district, absent a court order, discovery materials may not be filed. Thus, at this stage of the discovery, the mandatory requirements of section 107 do not apply.

See In re Handy Andy Home Imp. Centers, Inc., 199 B.R. 376, 379 (Bankr. N.D. Ill. 1996).

In Handy Andy, the court exercised its discretion to enter a stipulated protective order for discovery materials without a showing of good cause under Rule 9018, which is not mandatory. Id. at 381–82. Importantly, the court noted that it was entitled to do so only because there was no "pending adversary or contested matter under which the discovery [was] being sought. Therefore Rule 26 [was] not adopted either through Bankruptcy Rule 7026 or Bankruptcy Rule 9014." Id.

---

[1] Whitebox did not appear at the hearing.

2

at 380. As explained above, the instant case differs from Handy Andy because it arose from a contested proceeding in the bankruptcy court.

In its order denying Whitebox's motion seeking approval of its protective order, the bankruptcy court began its discussion by correctly noting that protective orders in adversary proceedings and contested matters are authorized under Fed. R. Civ. P. 26(c), not Section 107(b) or Fed. R. Bankr. P. 9018. See Fed. R. Bankr. P. 9014(c) (Fed. R. Bankr. P. 7026 applies in contested matters); Fed. R. Bankr. P. 7026 ("Rule 26 F. R. Civ. P. applies in adversary proceedings."). Accordingly, the bankruptcy court's conclusion as to Section 107(b)'s scope, even if it were incorrect, is irrelevant to its decision to deny Whitebox's protective order. As to that decision, the bankruptcy court gave a well-reasoned and thorough explanation for denying the motion, and this court sees no reason to disturb that decision. Accordingly, Whitebox's motion for leave to file an interlocutory appeal is denied.

## CONCLUSION

For the reasons described above, Whitebox's motion for leave to file an interlocutory appeal (Doc. 2) is denied.

**ENTER:** April 11, 2018

_____
**Robert W. Gettleman
United States District Judge**